Judge Ckeushaw
delivered the opinion of the Court.
Tins is an action of trespass guare clausum fregit, brought by Shean against Gideon and Thomas Withers, and John Hall, for entering the plaintiff’s close, throwing down his fences in three places, and turning stock upon his wheat, corn, barley, &c.
The testimony shows, that some six or seven years before the trespass complained of, the plaintiff joined his fences in three places to the division fence between himself and the Withers’; that theyT had thrown the plaintiff’s fence down at the three places where they joined the fence of the defendant, and, at each place, had turned one pannel of the fence around; and that, in consequence thereof, his crop was exposed to stock, which went in upon his barley, áte., and destined it.
Whilst the defendants were engaged in pulling down the fences of the plaintiff, and in removing the division fence of the Withers’, the plaintiff requested them to allow him again to join his fences with the fence of the Withers’ at the place to which their fence was being removed, until he could get rails and build another fence of his own, to run parallel with the fence of the Withers’. This request was refused.
Une may stand upon his own land and be guilty of a trespass upon the land of his neighbor, by throwing stones upon his neighbor’s ground, or with a pole or rail reaching o■ver upon anoAh•er.
When one joins his fence to another, and it is acquiesced in for severalyears,the former will be tenant from year to year, and the latter may not, without notice to remove the fence, disunite the fences, to the injury of the crop of the former, without being guilty of a trespass.
There is a slight difficulty in fixing the precise position of the division line between the plaintiff and the Withers’, but we think the testimony clearly preponderates in showing that the division fence of the Withers’ was, in several places at least, over on the land of the plaintiff. We esteem it immaterial, however, to ascertain the precise position of the division line, as the testimony leaves no room to doubt that the defendants, in turning round the pannels of fence of the plaintiff, entered his close. Even if they stood upon their own land and moved the fences of the plaintiff at points ■upon his own land, by taking hold of the ends of the rails, it was an entry into his close, in contemplation of law. If a man stand upon his own ground, and throw ■stones, and break another’s house ; or, with a pole or rail, reach over upon the land of another to his injury, ■it is an entry of his close.
But, it imav be said that where a man finds the rails •of another reaching over upon his own land in part, he ought to have a right to displace them — to remove them out of his way, without incurring responsibility. However this might be, under ordinary circumstances, it is not necessary now to determine; for, we are satisfied that, under the facts in this case, the defendants had no ■such right.
The plaintiff joined his fences to that of the defendants’, the Withers’, some six or seven years prior to the alleged trespass; and if they did not expressly assent to it, (as to which there is no proof,) they acquiesced in it for the length of time aforesaid. After such acquiescence for so long a time, which ought, in our opinion, to amount to evidence of an approval of the act; it would certainly not only be a disregard of social and moral duty, but illegal to remove the plaintiff’s fences and occasion the destruction of his crop, without reasonable notice to him to remove them himself.
The defendants pleaded not guilty, with leave to either party to introduce any special matter which might be specially pleaded. Under this state of the *443 record, the defendants had a right to introduce testimony to show that the locus in quo was .their own soil and freehold; but then, the plaintiff also had a right to introduce any matter which would go to sustain a new assignment, or any special matter whatever which in law would sustain his action. And, even if it were conceded that the defendants, in removing the fences of the plaintiff, stood upon their own freehold, and that, under ordinary circumstances, they might have had a right to remove from their land, the rails of the plain-, tiff, jutting over upon their land, we have shown that, after so long an acquiescence in the joining of the fences, they had no such right, without reasonable notice to the plaintiff that they would acquiesce no longer, and that he must remove his fences. Indeed, it is our opinion that, if the locus in quo were the freehold of the Withers’, the plaintiff, by the acquiescence of the Withers’ in his enclosing and enjoying it from year to year, would be their tenant, or quasi tenant, and entitled to notice to remove his fences, before the defendants could have a right to do so.
The plaintiff proved that he and those under whom he claimed had been in possession of his land since about the year 1809; and this was sufficient to show title, (if it were necessary to show title at all,) independently of his title papers, which were read in evidence. And his possession was an actual possession at the time of the trespass complained of, at least to the-extent of his enclosure. So that, his right to maintain his suit is dearly made out by the proof in the record.
The instructions to the jury, given at the instance of the defendants, are inconsistent with this opinion, except the one which instructed the jury that it was necessary for the plaintiff to have been in actual possession of the locus in quo at the time of the trespass complained of. It is unnecessary to express any opinion in regard to the instructions given at the instance of the daintiff, as the Court, we presume, will have no diffi-mlty, upon a return of the cause, in determining the *444 proper directions to the jury from the principles of this opinion.
Wintersmith for appellant; Grigsly for defendants.
The judgment is reversed, and the cause remanded, with directions to set aside the verdict and judgment, and grant a new trial in accordance with this opinion,